C. AULTMAN & COMPANY *v.* JOHN A. COSTLIN.

**Measure of Damages.**

> The true measure of damages in an action for breach of warranty in a machine is the difference between the value of the machine if it had been of sound material as represented, and its real condition as afterwards ascertained; and although the jury had a right to find the damage the defendant had sustained by reason of his deprivation of the use of the machine, that damage could not exceed the deprivation of the use of the machine when needed to cut defendant's grain.

APPEAL FROM DAVIESS CIRCUIT COURT.

December 18, 1878.

OPINION BY JUDGE ELLIOTT:

No error of the court in giving instructions or refusing instructions was made grounds for a new trial, and a failure to object and except to the instructions of the court amounts to a concession that they are right and proper presentations of the law of the case; but the jury fixed the damages too high even under the instructions.

The true criterion of recovery in a case of this kind is the difference between the value of the machine, if it had been of sound material as represented, and its real condition as afterward ascertained; and although the jury had a right under the instructions to find the damage the defendant had sustained by reason of his deprivation of the use of the machine, that damage could not exceed the deprivation of the use of the machine when needed to cut defendant's grain.

The evidence conduces to show that the machine was broken to pieces about harvest time in 1876, when defendant had twenty acres of small grain to cut, and the cost of cutting the grain in the mode adopted by defendant was not exceeding $15, and the damage done to the machinery was $8.50. This amount of damages was all that was proven and all that defendant was entitled to, even under the instructions of the court. Defendant testified that the machine would have been as good as new if one piece of machinery had replaced the one that gave way. If this was so it was his duty to replace this machinery, and if he failed to do it he cannot charge appellants by reason of inability to use the machine. Indeed, such damages cannot be recovered on a suit for breach of a warranty in any way.

In this case the appellants warranted the reaper to be of sound material as they admit. If the materials were not sound appellants must answer to the defendant the sum that he has been damaged, which is the difference between the value of the machine if it had been sound as warranted, and its value in its defective condition when purchased.

Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Little & Slack, for appellants.  Owen & Ellis, for appellee.*